TED L. McDANIEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McDaniel v. Commissioner
Docket No. 1661-92
United States Tax Court
T.C. Memo 1993-148; 1993 Tax Ct. Memo LEXIS 143; 65 T.C.M. (CCH) 2330; April 6, 1993, Filed *143 For petitioner: Andrea Winters. For respondent: Julie A. Porter. HAMBLEN
HAMBLEN
MEMORANDUM FINDING OF FACT AND OPINION HAMBLEN, Chief Judge: This case is before the Court on petitioner's motion for administrative and litigation costs [1] pursuant to Rule 231. [2] Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1988 in the amount of $ 18,813 and additions to tax under sections 6653(a)(1) and 6661(a). *144 This case was settled without trial. The stipulation of settlement was filed with the Court on January 4, 1993. The parties agree that there is no deficiency in petitioner's Federal income tax for the taxable year 1988 and that petitioner is not liable for the additions to tax under sections 6653(a)(1) and 6661(a). Consequently, the sole issue for decision is whether petitioner is entitled to reasonable administrative and litigation costs under section 7430. FINDINGS OF FACT Petitioner resided in Dallas, Texas, when he filed the petition in this case. The Internal Revenue Service (IRS) first examined petitioner's income tax return for the taxable years 1987 and 1988 in early 1990. In June 1990, the examination was resolved, and petitioner agreed to pay the IRS additional tax of $ 27,801 and $ 12,436 for 1987 and 1988, respectively. Subsequently, through its information matching program, the IRS discovered that petitioner had not apparently reported either his dividend income or the proceeds from a land sale and that he had overstated the amount of his deductible interest expense. The IRS's Service Center in Austin, Texas, sent petitioner a Tax Notice CP-2501 on July 26, *145 1991. This form requested that petitioner explain why the income and deductions reported on his 1988 tax return did not match the information provided by his payors and payees. Petitioner never responded to this notice, and on October 24, 1991, the statutory notice of deficiency in this case was issued. Petitioner filed his petition in this case on January 22, 1992. Respondent filed her answer on February 25, 1992, and then transferred the case to the IRS' Appeals Office. On March 10, 1992, the appeals officer called petitioner's counsel and requested information necessary to resolve the dispute. Petitioner's counsel stated that she would provide the requested information within 2 weeks. Petitioner's counsel, however, did not provide the appeals officer with the requested information until May 4, 1992 -- almost 2 months after the information was requested. The appeals officer had several questions pertaining to the information. Petitioner's counsel provided a response on June 5, 1992, approximately 1 month later. Four days after receiving answers to his questions, the appeals officer submitted to petitioner's counsel a proposed stipulated decision showing no deficiency and *146 no overpayment. Upon examination of the information provided by petitioner's counsel in May and June 1992, the appeals officer determined that the income uncovered through the information matching program had been reported, albeit incorrectly, on petitioner's 1988 tax return. Petitioner was also able to substantiate that he paid mortgage interest in the amounts claimed on his 1988 return, although all the persons to whom he made interest payments did not submit information concerning such payments to respondent. On June 26, 1992, at the request of petitioner's counsel, the appeals officer submitted the same settlement terms included in the proposed stipulated decision in a proposed stipulation of settled issues. The signed stipulation of settled issues was submitted to the Court on January 4, 1993. OPINION Section 7430(a) authorizes an award of reasonable administrative and litigation costs to the prevailing party in civil tax litigation. To be eligible for an award, petitioner (1) must have exhausted all administrative remedies available to him, (2) must not have unreasonably protracted the proceedings, (3) must satisfy the statutory definition of a prevailing party, and (4) *147 must show that the costs claimed are reasonable. See sec. 7430(b) and (c). Petitioner must establish all of the above elements in order to recover reasonable administrative and litigation costs. [3]. To fall within the statutory definition of prevailing party and be entitled to an award of reasonable administrative and litigation costs, petitioner must establish, among other things, that the position of the United States in the civil proceeding was not substantially justified. [4] *150 Rule 232(a); sec. 7430(c)(4)(A)(i), (ii), and (iii). . In meeting petitioner's burden of demonstrating that *148 respondent's position was not substantially justified, petitioner must show that legal precedent does not substantially support respondent's position given the facts available to respondent. Rule 232(e); ; . We will consider the basis for respondent's position and the manner in which the position was maintained. . In determining whether respondent's position was substantially justified, the question essentially is one of whether respondent's position in the litigation was reasonable.[5] See , affg. . A determination of reasonableness must be based upon all the facts and circumstances surrounding the proceeding. , affg. ; ; *149 . We may consider, among other factors, whether respondent used the costs and expenses of litigation to extract unjustified concessions from petitioner, whether respondent pursued the litigation to harass or embarrass petitioner, or whether respondent's pursuit of the instant litigation was politically motivated. ; . Finally, the fact that respondent conceded the case is not sufficient to establish that a position is unreasonable. ; . Respondent's position on the date the notice of deficiency was issued was that petitioner failed to report substantial amounts of income and that petitioner claimed interest deductions which he was not entitled to deduct. Consequently, the substantive issue in petitioner's case is purely a matter of substantiation and whether petitioner underreported his 1988 taxable income. At the time respondent issued the statutory notice of deficiency, and subsequently when petitioner filed his petition, *151 respondent had no proof that petitioner had not underreported his income. To the contrary, the information matching system indicated that petitioner underreported his income by over $ 18,000. Whenever there is a factual determination, respondent is not obliged to concede a case until she receives the necessary documentation to prove the taxpayer's contentions. See , affd. without published opinion ; . Moreover, after respondent receives documentation she is given a reasonable period of time in which to analyze the documentation and modify her position accordingly. See . On June 5, 1992, approximately 3 months after the appeals officer first requested information from petitioner, respondent received documentation establishing that petitioner had not underreported his income, but rather that petitioner had mischaracterized his 1988 taxable income. Respondent notified petitioner's attorney on June 9, 1992, *152 that respondent would be conceding petitioner's liability, i.e., respondent conceded the case 4 days after receiving the relevant information. We conclude that respondent took reasonable means to determine and verify petitioner's correct 1988 income tax liability. See . Although respondent ultimately conceded each of the issues raised in the notice of deficiency, she was not able to do so without the information from petitioner. A request for such information was made before the statutory notice of deficiency was issued. Any delay in this case was caused by petitioner and petitioner's counsel. Had petitioner acted promptly, this matter could have been resolved shortly after petitioner received the Tax Notice CP-2501 in July of 1991. We find that respondent's position was not unreasonable and that petitioner did not incur unnecessary administrative or litigation costs due to respondent's position. See ; Accordingly, petitioner is not entitled to reasonable administrative *153 and litigation costs under section 7430. Since petitioner has not proven that respondent's position was unreasonable, petitioner does not qualify as a prevailing party as defined under section 7430(c)(4)(A). Therefore, we need not reach the issues of: (1) Whether petitioner exhausted his administrative remedies; (2) whether petitioner unreasonably protracted the administrative and Court proceedings; and (3) whether the amount of administrative and litigation costs which petitioner claimed are reasonable. We have considered petitioner's remaining arguments and find them to be without merit. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. Petitioner's motion filed with the Court requests litigation costs only, but the attachments thereto indicate that petitioner also incurred administrative costs. For proceedings begun after the Nov. 10, 1988, date of enactment of sec. 6239 of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3743, sec. 7430(a) provides that any person who is a prevailing party is entitled to reasonable administrative and litigation costs. Consequently, we shall treat the document filed by petitioner as a motion for award of administrative and litigation costs.↩
2. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.↩
3. Respondent concedes that petitioner has substantially prevailed with respect to both the most significant issue and the amount in controversy and that petitioner met the $ 2 million net worth requirement. Sec. 7430(c)(4)(A)(ii) and (iii).↩
4. This case is governed by sec. 7430 as amended by the Technical and Miscellaneous Revenue Act of 1988, which is effective for civil tax proceedings commenced after Nov. 10, 1988. Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6239(a), 102 Stat. 3342, 3743. As modified by the 1988 amendments, sec. 7430(c)(7)(A) defines the "position of the United States" to mean the position taken by the United States in a judicial proceeding (to which the section applies) and (B) the position taken in an administrative proceeding (to which the section applies) as of the earlier of (i) the date of the receipt by the taxpayer of the notice of the decision of the IRS' Office of Appeals, or (ii) the date of the notice of deficiency. In this case, there was no separate notice of the IRS' Office of Appeals prior to the issuance of the notice of deficiency. Therefore, for purposes of section 7430, the United States is considered to have taken a position on Oct. 24, 1991, the date the notice of deficiency was issued by respondent.↩
5. For civil tax cases commenced after Dec. 31, 1985, sec. 1551(d)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752, changed the language describing the position of the United States from "unreasonable" to "not substantially justified". This Court has held that the substantially justified standard does not represent a departure from the reasonableness standard. ; , affd. .↩