T.C. Memo. 1997-23


UNITED STATES TAX COURT


JEFFREY L. BEECROFT AND CAROL LARKIN-BEECROFT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13597-95.                    Filed January 14, 1997.


        <u>Held</u>:  Ps' motion for administrative and
litigation costs will be denied.


<u>Stuart S. Lipton</u>, for petitioners.

<u>Patricia Montero</u>, for respondent.


MEMORANDUM OPINION


    LARO, <u>Judge</u>:  Petitioners moved the Court on September 18,

1996, to recover administrative and litigation costs under

section 7430 and Rule 231.[1]  Respondent issued petitioners a

notice of deficiency reflecting her determination that they were

liable for a $14,939 deficiency in their 1993 Federal income tax

and a $2,988 penalty under section 6662(a).  Petitioners

petitioned the Court to redetermine respondent's determination.

Before trial, the parties settled all issues raised in the

notice of deficiency.  The parties agree that the 1993 deficiency

is $7,539 and that the penalty is $466.  We must decide whether

petitioners are entitled to any of their claimed administrative

and litigation costs.  We conclude they are not.  Section

references are to the Internal Revenue Code.  Rule references are

to the Tax Court Rules of Practice and Procedure.  Dollar amounts

are rounded to the nearest dollar.

## Background

We decide petitioners' motion based on the record, including

respondent's objection and the parties' affidavits, declaration,

and exhibits.  Neither party requested a hearing, and we conclude

that one is not necessary.  Rule 232(a)(3).  Petitioners are

husband and wife, and they resided in Altadina, California, at

the time of their petition.  They filed a 1993 Form 1040, U.S.

---

[1] Although petitioners' motion mentions only litigation
costs, the motion refers to costs that were incurred prior to the
notice of deficiency (i.e., administrative costs).  We consider
petitioners' motion to be a motion for both administrative and
litigation costs.

Individual Income Tax Return, using the filing status of "Married filing joint return".

Mr. Beecroft is a production designer. Petitioners' Form 1040 reports that Mr. Beecroft received $207,559 of wages during 1993 from the following payees:

```
EP Production Services.................$94,066
Time Warner Entertainment..............  1,549
First Premiere Co...................... 70,425
The BonBon Picture Co..................  41,519
    Total                              207,559
```

Respondent determined that petitioners failed to report $21,025 of wages paid to Mr. Beecroft in 1993 by EP Management Services, Inc. EP Management Services, Inc., issued Mr. Beecroft a 1993 Form W-2, Wage and Tax Statement, for these wages. Petitioners claim that they did not report these wages because they did not receive this Form W-2, and they believed that any wages Mr. Beecroft received from EP Management Services, Inc., were included in a Form W-2 that he received from EP Production Co.[2] The notice of deficiency states that "We have adjusted your gross wages to agree with the amounts shown on Forms W-2."

Petitioners' 1993 Form 1040 also reports a deduction for a $24,661 loss from Mr. Beecroft's sole-proprietor business (the Business). The Business provided services on production design,

---

[2] Petitioners received pay stubs for the respective checks tendered to Mr. Beecroft from EP Production Services and EP Management Services, Inc., and petitioners now concede that the Form W-2 from EP Production Services did not list wages and withholding credits attributable to EP Management Services, Inc.

and petitioners reported the Business' revenue and expenses on Schedule C, Profit or Loss From Business (Sole Proprietorship). The Business had $1,275 of gross receipts in 1993. Of the $24,661 loss reported for the Business, $7,344 was claimed for seminars and classes ($927), research expenses ($5,152), and theater review ($1,265). Respondent disallowed petitioners' claim for the $7,344 amount. As stated in the notice of deficiency: "Since you did not establish that the business expense shown on your tax return was paid or incurred during the taxable year and that the expense was ordinary and necessary to your business, we have disallowed the amount shown."

Petitioners' 1993 Form 1040 also reports $101,891 in itemized deductions. Of this amount, $62,545 was claimed for $66,255 of Mr. Beecroft's employee business expenses.[3] The $66,255 amount was claimed for vehicle expenses ($7,196), travel expenses, including lodging, airplane, car rental, etc. ($30,434), meals and entertainment ($3,117), and other business expenses ($26,131). Respondent disallowed the $62,545 amount. As stated in the notice of deficiency: "Since you did not establish that the business expense shown on your tax return was paid or incurred during the taxable year and that the expense was

---

[3] The difference between the $62,545 and $66,255 amounts reflects the 2-percent limitation on miscellaneous itemized deductions.

ordinary and necessary to your business, we have disallowed the amount shown."

On February 3, 1995, respondent sent a 30-day letter to petitioners proposing that petitioners were liable for a $14,939 deficiency in 1993 income tax and a $2,988 penalty under section 6662(a).[4] Respondent issued the subject notice of deficiency on April 20, 1995, reflecting her determination of a deficiency and penalty in the same amounts as proposed in the 30-day letter. The deficiency and penalty shown in the notice of deficiency are primarily due to the adjustments mentioned above. Before the notice of deficiency was issued, petitioners did not present respondent with any substantiation for the disallowed deductions or any explanation concerning the fact that the $21,025 of wages shown on the Form W-2 from EP Management Services, Inc., was not includable in their 1993 gross income.

On June 12, 1995, petitioners' counsel, Stuart S. Lipton, mailed a letter to an Internal Revenue employee at an Internal Revenue office in Los Angeles, California. This letter states:

> Dear Patty:
>
> This is to confirm that there will be a meeting in Room 4336 in the offices of the IRS at 300 North Los Angeles Street at 12:45 p.m. on June 27, 1995, at which Charles Thiras, accountant for the taxpayer, will present documentary evidence to support the validity of

---

[4] Petitioners claim that this 30-day letter was the first notice that they received alerting them that respondent was auditing their 1993 Federal income tax return.

the deductions initially disallowed by the IRS in the final examiner's report for the 1993 tax year.

The taxpayer understands that the time for filing a Tax Court petition in this matter expires on or about July 19, 1995, and that he will therefore be expected to make a complete showing regarding the claimed deductions at this meeting on June 27. Prior to the meeting on June 27, an executed Form 2848 authorizing Mr. Thiras to act on behalf of the taxpayer will be prepared and delivered.

On behalf of the taxpayer, I want to thank you for giving us this last opportunity to show the correctness of the returns as filed without having to resort to unnecessary and expensive litigation in the Tax Court. If there is anything in particular that you believe Mr. Thiras should bring with him to the upcoming meeting (such as the type of supporting documentation required), please let me know in advance of the meeting date so that proper arrangements can be made. I am mindful of the fact that given the late date of this scheduled meeting, it will not be possible for the taxpayer to seek a postponement. However, we would appreciate being advised of the name of the examining agent who will be assigned to this matter.

If you have any questions, please do not hesitate to contact me.

Sincerely,

/s

STUART S. LIPTON

Petitioners did not present any documentation or explanations to respondent at the time of this scheduled meeting.

Petitioners petitioned the Court on July 18, 1995, alleging in their petition that they were not liable for any deficiency or penalty for 1993. On September 18, 1995, the Court filed respondent's answer to the petition. In her answer, respondent

generally denied all of petitioners' allegations of error and facts related thereto.

On March 22, 1996, Mr. Lipton met with one of respondent's revenue agents. At this meeting, Mr. Lipton presented some documents to attempt to substantiate petitioners' entitlement to the disputed deductions. Following this meeting, the revenue agent concluded that the expenditures had been made, but that petitioners had not shown that the expenditures were business related.

The Court called this case for trial in San Francisco, California, on June 3, 1996. Mr. Lipton appeared on behalf of petitioners, and respondent was represented by her counsel. The parties' counsel reported to the Court that the case was ready for trial, and the Court set the trial for June 7, 1996. On June 6, 1996, the parties' counsel appeared before the Court and notified the Court that they had settled their differences. Counsel read the terms of the settlement into the record, and, on October 15, 1996, the Court filed the parties' stipulation of settled issues (Stipulation). As stated in the Stipulation, petitioners agree to report the $21,025 of wages reported on the Form W-2 issued by EP Management Services, Inc., and they agree that they are liable for an accuracy-related penalty under section 6662(a). Respondent agrees that petitioners are entitled to a $5,211 prepayment credit for Federal withholding on the wages (including $306 that is attributable to excess Medicare

withheld), and that petitioners can deduct the related State income tax withholding ($1,477) and State disability insurance ($273) on their Schedule A, Itemized Deductions.  Respondent also agrees that petitioners can deduct $20,000 of the $62,545 itemized deductions in dispute, and that petitioners can deduct $5,172 of the $7,334 Schedule C expenses in dispute.

In connection with petitioners' motion for administrative and litigation costs, petitioners claim that they incurred $34,003 in administrative and litigation costs from July 5, 1995, to August 31, 1996, stemming primarily from approximately 110 hours of legal services at a rate of approximately $300 per hour. Petitioners request an award of $20,000 of these costs, plus an award of 60 percent of the unstated attorney's fees that they incurred in the preparation and prosecution of the motion at hand.

## Discussion

Section 7430(a) provides that the prevailing party may be awarded:  (1) Reasonable administrative costs incurred in connection with an administrative proceeding within the Internal Revenue Service and (2) reasonable litigation costs incurred in connection with a court proceeding.  The Congress enacted section 7430 as part of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 292(a), 96 Stat. 324, 572, and, as relevant hereto, the Congress amended section 7430 as part of the Technical and Miscellaneous Revenue Act of 1988, Pub. L.

100-647, sec. 6239(a), 102 Stat. 3342, 3743-3747, effective with respect to proceedings commenced after November 10, 1988. Section 7430 was amended most recently by the Taxpayer Bill of Rights 2, Pub. L. 104-168, secs. 701-704, 110 Stat. 1452, 1463-1464 (1996), effective with respect to proceedings commenced after July 30, 1996.

In order for this Court to award reasonable administrative and litigation costs under section 7430, seven requirements must be met.  The record must show that:

(1) The moving party filed a timely motion for an award of reasonable administrative and litigation costs.  Rule 231(a).  We find that petitioners met this requirement.

(2) The moving party substantially prevailed in the administrative proceeding and the proceeding in this Court. Sec. 7430(c)(4)(A)(i).  Respondent concedes that petitioners met this requirement.

(3) The moving party did not unreasonably protract the administrative proceeding or the proceeding in this Court. Sec. 7430(b)(4).  Respondent concedes that petitioners met this requirement.

(4) The Commissioner's position in the administrative proceeding and the proceeding in this Court were not substantially justified in law or in fact.[5]  Sec.

---

[5] In relevant part, the Taxpayer Bill of Rights 2 (TBR2), Pub. L. 104-168, secs. 701-704, 110 Stat. 1452, 1463-1464 (1996),

7430(c)(4)(A)(i), (7)(A) and (B); Pierce v. Underwood, 487 U.S. 552, 564-565 (1988); Huffman v. Commissioner, 978 F.2d 1139, 1143-1147 (9th Cir. 1992), affg. in part, revg. in part on other grounds and remanding T.C. Memo. 1991-144; Powers v. Commissioner, 100 T.C. 457, 470, 472 (1993). As discussed below, we hold that respondent's position was substantially justified.

(5) The moving party exhausted any administrative remedies available to him or her in the Internal Revenue Service.[6] Sec. 7430(b)(1). Respondent concedes that petitioners met this requirement.

(6) The moving party has a net worth that did not exceed $2 million at the time the petition was filed in the case. Sec. 7430(c)(4)(A)(iii); 28 U.S.C. sec. 2412(d)(2)(B) (1988). Respondent concedes that petitioners met this requirement.

(7) The amount of costs claimed is reasonable. Sec. 7430(a), (c)(1) and (2). Respondent challenges the reasonableness of petitioners' claimed costs. On the basis of

---

amended sec. 7430 to place on the Commissioner the burden of proving that her position in the administrative proceeding and the proceeding in this Court were substantially justified. We need not, and do not, decide whether the TBR2 is applicable to the instant matter to place the burden of proof on respondent with respect to this prong. We rule on petitioners' request for an award of administrative and litigation costs based on the preponderance of the evidence; it is irrelevant in this case who bears the burden of proof. See Deskins v. Commissioner, 87 T.C. 305, 322-323 n.17 (1986).

[6] This requirement applies only to a judgment for an award of reasonable litigation costs. Sec. 7430(b)(1).

our holding that respondent's position was substantially justified, we do not decide this issue.

These seven requirements are in the conjunctive; each requirement must be met before this Court may order an award of administrative and litigation costs to a taxpayer under section 7430. Minahan v. Commissioner, 88 T.C. 492, 497 (1987). An award of reasonable administrative and litigation costs to a taxpayer in a Tax Court proceeding is discretionary with the Court hearing the case, and appellate courts apply an abuse of discretion standard to review our determinations of the amount of costs, if any, awarded to a taxpayer and whether the Commissioner's positions were or were not substantially justified. Powers v. Commissioner, supra at 470, and the cases cited therein; see also H. Rept. 97-404, at 12 (1981).

We turn to the first requirement in dispute; namely, whether the Commissioner's position was substantially justified. Respondent took a position in the administrative proceeding when respondent issued the notice of deficiency to petitioners on April 20, 1995. Sec. 7430(c)(7)(B). Respondent took a position in this proceeding when the Court filed respondent's answer on September 18, 1995. Sec. 7430(c)(7)(A); Huffman v. Commissioner, supra at 1148; see also Han v. Commissioner, T.C. Memo. 1993-386. Ordinarily, we consider the reasonableness of each of these positions separately. Huffman v. Commissioner, supra at 1144-

1147.  In the instant setting, however, when these positions are the same, we evaluate their reasonableness.

Whether the Commissioner's position was substantially justified turns on a finding of reasonableness, based on the facts and circumstances of the case, as well as on any legal precedents that may relate thereto.  Nalle v. Commissioner, 55 F.3d 189, 191 (5th Cir. 1995), affg. T.C. Memo. 1994-182; Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688-696 (1990).  We ask ourselves "whether * * * [the Commissioner] knew or should have known that her position was invalid at the onset".  Nalle v. Commissioner, supra at 191.  For petitioners to prevail, respondent's position, in fact as well as law, must not have been "justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, supra at 565. Whether the Commissioner's position has a reasonable basis in fact and law turns in part on whether there is "substantial evidence" to support it.  Id. at 564-565; Powers v. Commissioner, supra at 473.  The fact that the Commissioner concedes an issue, in and of itself, does not mean that the Commissioner's position was not substantially justified within the meaning of section 7430(c)(4)(A)(i).  Sokol v. Commissioner, 92 T.C. 760, 767 (1989).  It remains, however, a relevant factor to consider in determining the degree of the Commissioner's justification. Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Powers v. Commissioner, supra at 471.

Petitioners claim that respondent's position was unreasonable because: (1) Petitioners were not given an opportunity to participate in an audit examination or Appeals conference prior to the mailing of the notice of deficiency and (2) the notice reflected neither a credit for the withheld Federal tax nor a deduction for the withheld State tax and excess Social Security tax shown on the Form W-2 from EP Management Services, Inc. Petitioners also claim that respondent used the cost of litigation as a tool to extract from petitioners an other than equitable ending to this case.

We are not persuaded by petitioners' arguments that respondent's position was unreasonable. Indeed, the record points to the opposite conclusion. Respondent's position was premised primarily on petitioners' failure to substantiate items claimed on their returns as business expenses. Deductions are a matter of legislative grace, and petitioners must prove their entitlement to a deduction. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 6001 also imposes on petitioners an affirmative duty to maintain books and records sufficient to support items reported on their returns. With this well-established law in mind, we believe that it was reasonable for respondent to make the adjustments shown in the notice of deficiency and to refuse to concede any of these adjustments until she received and verified petitioners' substantiation for these amounts. Harrison v. Commissioner, 854 F.2d 263, 265

(7th Cir. 1988), affg. T.C. Memo. 1987-52; <u>Sokol v. Commissioner</u>, 92 T.C. 760, 765 (1989).  We also note that petitioners ultimately agreed that they were wrong with respect to their claim for 70.67 percent of the dollar amount of these adjustments (i.e., the Stipulation reflects the fact that petitioners were not allowed to deduct $64,843 of the $91,755 amount in dispute (21,025 + 7,334 + 63,396)).  It is also hard to believe that petitioners neither received the Form W-2 from EP Management Services, Inc., nor knew that Mr. Beecroft had received $21,025 in wages that were not reported on their 1993 Form 1040.

We find no persuasive evidence in the record to support petitioners' claim of overreaching by respondent's agents.  To support their claim, petitioners submitted a May 15, 1996, letter from Mr. Lipton to respondent's counsel that petitioners allege reflects the terms of a settlement that they entered into with respondent on May 15, 1996.  Petitioners allege that respondent backed out of this settlement in an attempt to increase the expenses that petitioners were incurring in litigating this matter and otherwise to force petitioners to settle this case for an inequitable amount.  We are unpersuaded by this letter or by petitioners' claim with respect thereto.  The record contains no evidence that this letter accurately reflects a settlement offer tendered to petitioners by respondent.  As a point of fact, the record contains a letter from respondent's counsel to Mr. Lipton that was sent by facsimile during the morning of May 16, 1996.

This facsimile states specifically that Mr. Lipton's letter incorrectly reflects respondent's settlement offer.  Although petitioners attempt in their motion to support their position of overreaching by respondent with Mr. Lipton's naked assertions of fact, we do not consider these assertions to be proof. Rule 143(b); see <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 214 n.7 (1992); <u>Viehweg v. Commissioner</u>, 90 T.C. 1248, 1255 (1988); <u>Evans v. Commissioner</u>, 48 T.C. 704, 709 (1967), affd. 413 F.2d 1047 (9th Cir. 1969).

We conclude that respondent's positions had a reasonable basis in law and fact.  Based on this conclusion, we need not and do not decide the reasonableness of the claimed expenses.  We note in passing, however, that we have been involved with enough cases of this type to know that the instant case was nothing more than a routine substantiation case, and why it was not resolved at the scheduled meeting of June 27, 1995 (which we believe it easily could have been), we do not know.

We hold that petitioners are not entitled to administrative or litigation costs under section 7430.  In so holding, we have considered all arguments by petitioners for a contrary holding, and, to the extent not discussed above, find them to be irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order will</u>

<u>be issued denying petitioners'</u>

<u>motion for an award of administrative and litigation costs</u>.