T.C. Memo. 2002-175

UNITED STATES TAX COURT

FREDERICK M. AND CHERYL A. PROUTY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6020-01.                    Filed July 24, 2002.

Frederick M. and Cheryl A. Prouty, pro sese.

<u>William W. Kiessling</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DEAN, <u>Special Trial Judge</u>:  This case is before the Court on
petitioners' Motion for Administrative Costs filed pursuant to
section 7430 and Rule 231.  All references to section 7430 are to
such section as in effect at the time the petition was filed.
Unless otherwise specified, all other section references are to
the Internal Revenue Code in effect for the year in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent filed a response to petitioners' motion. Respondent agrees that petitioners: (a) Have substantially prevailed with respect to the most significant issue presented; and (b) have exhausted their administrative remedies.

Respondent does not agree, however, that petitioners: (1) Have shown that they meet the net worth requirements as provided by law; (2) have not unreasonably protracted the administrative proceedings; (3) have claimed a reasonable amount of costs; or (4) that respondent's positions in the administrative proceedings were not substantially justified.

We conclude that a hearing is not necessary to decide this motion. See Rule 232(a)(2). Accordingly, we rule on petitioners' motion for administrative costs on the basis of the parties' submissions and the record in this case.

FINDINGS OF FACT

Petitioners resided in Old Hickory, Tennessee, at the time they filed their petition.

Petitioners timely filed their Form 1040, U.S. Individual Income Tax Return, for 1998. One of the attachments to the return was a Form W-2, Wage and Tax Statement, in the name of Fred M. Prouty, Jr., reporting wages of $23,925.30. The total wages reported on line 7 of the tax return were $23,925. There

was another attached Form W-2 for Mr. Prouty from "Theatrical & TV Motion Picture Special Payment Fund" (TMPSPF) in the amount of $10.40.

Attached to the return were two Forms W-2 in the name of Cheryl Prouty (petitioner). One was from "Sinclair Television of Nashville, Inc." indicating wages, tips and other compensation of $28,429.47, and the other was from "Lambert Broadcasting of Nashville" (Lambert) indicating $26,259.82. On neither form was box 15 checked to indicate that petitioner was a "statutory employee".

Petitioners filed with their return two Schedules C, Profit or Loss From Business. No Schedule C was filed for Mr. Prouty, both were for petitioner. One was for her multilevel sales representative business, and one was for the business of "TV Sales Executive" under the business name, "WZTV & WNAB". The latter Schedule C reported business income of $61,001, expenses of $7,904, and net profit of $53,097.

The Internal Revenue Service Center (Service Center) in Ogden, Utah, sent petitioners a form notice CP-2000 dated October 31, 2000, proposing changes to their 1998 income tax return. Among other items, the Internal Revenue Service (IRS) proposed an increase in taxable wages of $7,914, an amount that comports with the sum of the disallowance of petitioner's TV Sales Executive Schedule C deduction of $7,904 and the Form W-2 in the name of

Mr. Prouty reporting $10.40 of income from TMPSPF. One paragraph of the notice states: "Since your employer did not indicate on Form W-2 that you were a statutory employee, we disallowed the expenses you claimed against that income on Schedule C", and the notice requests verification that "you are a statutory employee."

A copy of the notice CP-2000 that was sent to petitioners was returned to the Ogden Service Center and dated as received on November 17, 2000. The returned copy of the notice exhibits various handwritten notations and included an attachment. The attachment is a copy of a letter from an official of the Lambert Broadcasting Company describing petitioner as an outside sales representative compensated 100 percent by commissions. On the face of the letter, beneath the signature of the official, the following is typed:

> Note: The other TV station I worked for was the same type employment. (Sullivan Broadcasting of Nashville) I am not on good terms with them so I had rather not get a letter from them. I received no travel allowance from them. I hope this letter will be satisfactory.
>
> Thank you, Cheryl Prouty

As part of the returned copy of the notice, there was a statement signed by petitioner authorizing William DeMontbreun, CPA, to contact the IRS about the notice.

A statutory notice of deficiency dated February 6, 2001, was issued to Frederick M. and Cheryl A. Prouty for the tax year 1998. The notice determines adjustments for increased taxable

wages of $7,914, an increase in nonemployee compensation of $1,160, a disallowance of the claimed $766 credit for excess Social Security and RRTA tax withheld, and computational adjustments.

On February 13, 2001, the Ogden Service Center received a faxed copy of a letter "To Whom It May Concern", stating that petitioner "was a 100% commissioned Account Executive for Sullivan Broadcasting"[1] from November 1989 to June 1998.

On March 9, 2001, the Ogden Service Center received a "Transfer To Appeals Request" signed by petitioners, requesting that their case be transferred to the Appeals Office in Nashville, Tennessee. The Ogden Service Center sent to petitioners a revised notice of tax changes dated March 20, 2001, proposing the allowance of the claimed $7,904 of deductions on petitioner's Schedule C. Petitioners met with their accountant on March 23, 2001, to discuss the proposed tax changes sent to them on March 20, 2001.

The petition in this case was filed on May 8, 2001, and respondent filed the answer on June 29, 2001. On July 2, 2001, the case was assigned to an Appeals officer for consideration. The Appeals officer, on August 23, 2001, met with petitioner and her accountant who stated that although Mr. Prouty had failed to

---

[1]There is no explanation in the record as to whether "Sullivan" broadcasting is the same company as "Sinclair Television of Nashville" as listed on the W-2.

report business income of $1,160, he also had failed to claim certain business expenses. They requested that the Appeals officer allow additional time for them to gather substantiation for the unclaimed expenses. On September 21, 2001, petitioners faxed to the Appeals officer a copy of a Schedule C for Mr. Prouty that reported the previously unreported nonemployee compensation of $1,160 and also unclaimed expenses of $720.

Respondent having conceded petitioner's TV executive expenses of $7,904 as of March 20, 2001, petitioners conceded the other adjustments in the notice of deficiency, and respondent additionally agreed to the Schedule C expenses for Mr. Prouty of $720. A Stipulation of Settlement was filed by Order of the Court dated February 13, 2002.

OPINION

Requirements Under Section 7430[2]

Under section 7430(a), a judgment for costs incurred in an administrative proceeding in connection with the determination of any tax may be awarded only if a taxpayer: (1) Is the "prevailing party"; and (2) did not unreasonably protract the administrative proceeding. See sec. 7430(a) and (b)(3).

A taxpayer must satisfy each of the respective requirements in order to be entitled to an award of administrative costs under

---

[2]We apply sec. 7430 as amended by Congress in the IRS Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3101, 112 Stat. 727-730.

section 7430. See Rule 232(e). Upon satisfaction of these requirements, a taxpayer may be entitled to reasonable costs incurred in connection with the administrative proceeding. See sec. 7430(a)(1) and (2), (c)(1) and (2).

To be a prevailing party, the taxpayer must substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented and satisfy the applicable net worth requirement. See sec. 7430(c)(4)(A).

Respondent argues that petitioners have not shown that they satisfy the net worth requirements of section 7430(c)(4)(A)(ii). Because petitioners, even if they meet the net worth requirements, will nevertheless not be treated as prevailing parties if respondent can establish that his position in the administrative proceedings was substantially justified, we examine this factor first. See sec. 7430(c)(4)(B).

Substantial Justification

The Commissioner's position is substantially justified if, based on all of the facts and circumstances and the legal precedent relating to the case, the Commissioner acted reasonably. See Pierce v. Underwood, 487 U.S. 552 (1988); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). In other words, to be substantially justified, the Commissioner's position must have a reasonable basis in both law and fact. See Pierce v. Underwood, supra; Rickel v.

Commissioner, 900 F.2d 655, 665 (3d Cir. 1990), affg. in part and revg. in part on other grounds 92 T.C. 510 (1989). A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person". Pierce v. Underwood, supra at 565 (construing similar language in the Equal Access to Justice Act). Thus, the Commissioner's position may be incorrect but nevertheless be substantially justified "'if a reasonable person could think it correct'". Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 443 (1997) (quoting Pierce v. Underwood, supra at 566 n.2).

The relevant inquiry is "whether * * * [the Commissioner] knew or should have known that * * * [his] position was invalid at the onset". Nalle v. Commissioner, 55 F.3d 189, 191 (5th Cir. 1995), affg. T.C. Memo. 1994-182. We look to whether the Commissioner's position was reasonable given the available facts and circumstances at the time that the Commissioner took his position. See Maggie Mgmt. Co. v. Commissioner, supra at 443; DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).

The fact that the Commissioner eventually concedes, or even loses, a case does not establish that his position was unreasonable. Sokol v. Commissioner, 92 T.C. 760, 767 (1989); see also Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991). The Commissioner's concession, however, remains a factor to be considered. See Powers v. Commissioner,

100 T.C. 457, 471 (1993), affd. in part, revd. in part and remanded on another issue 43 F.3d 172 (5th Cir. 1995).

As relevant herein, the position of the United States that must be examined in light of the substantial justification standard with respect to the recovery of administrative costs is the position taken by the Commissioner as of the date of the notice of deficiency. See sec. 7430(c)(7)(B).

In order to decide whether the Commissioner's position was substantially justified we must review the substantive merits of the case.

Reasonable Basis In Fact

In Rev. Rul. 90-93, 1990-2 C.B. 33, respondent announced the position that a person described in section 3121(d)(3), commonly referred to as a "statutory employee", is "not an employee for purposes of sections 62 and 67." Such persons may properly reflect business income and expenses in full on Schedule C in calculating adjusted gross income under section 62(a)(1). Persons who are employees for purposes of sections 62 and 67 have their miscellaneous deductions limited as provided by section 67(a).

Petitioners do not appear to suggest that respondent applied the wrong legal standard in taking a position denying their deduction on Schedule C of expenses for the business of "TV Sales Executive" under the business name, "WZTV & WNAB". A reading of

their transfer to Appeals request indicates that petitioners feel that respondent's position on the adjustment was not reasonable in fact based upon their statements to respondent.

As to that argument, respondent asserts that it was incumbent upon petitioners to substantiate their entitlement to the items claimed. It is reasonable, according to respondent, not to concede an adjustment until he has received and verified adequate substantiation for the items in question. He therefore concludes that as to the stated adjustment, his position was reasonable when taken and appropriately conceded when substantiation was provided to Appeals.

Taxpayers are required to maintain books and records in accordance with rules and regulations prescribed by the Secretary of the Treasury. See sec. 6001. Generally, taxpayers must keep records sufficient to establish gross income, deductions, or other matters required to be shown on the return. See sec. 1.6001-1(a), Income Tax Regs.

Petitioners' request for transfer to Appeals argues that the Code does not require an employer to indicate that an employee is a statutory employee and that petitioners sent the Commissioner a letter describing petitioner's duties. Regardless of what responsibility petitioner's employers may have had, it was petitioner's responsibility to verify her entitlement to report income and deductions on Schedule C. The Forms W-2 attached to

the return indicate petitioner's status as an employee.  The amounts reported on the forms were not included as wages, and without further explanation it is not apparent what income items are reported on the Schedule C.  A taxpayer's self-serving declaration is no ironclad substitute for the records that the law requires.  See Weiss v. Commissioner, T.C. Memo. 1999-17; see also Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957) (a taxpayer's income tax return is a self-serving declaration that may not be accepted as proof for the deduction or exclusion claimed by the taxpayer); Halle v. Commissioner, 7 T.C. 245, 247 (1946) (a taxpayer's return is not self-proving as to the truth of its contents), affd. 175 F.2d 500 (2d Cir. 1949).

Petitioner submitted on November 17, 2000, a letter that substantiated her status as a person described in section 3121(d)(3) as to the amount on one of her Forms W-2.  It was not until February 13, 2001, that evidence of her status, a person described in section 3121(d)(3), with respect to the Sullivan Broadcasting[3] was supplied to the Commissioner.  Respondent must then have concluded that the amounts reported on petitioner's Schedule C include the amounts reported on the Forms W-2.  The notice conceding the business expense issue related to her employment status was sent to petitioners less than a month later.

---

[3]See supra note 1.

From the record before us we conclude that the case remained unsettled due to petitioners' request for additional time to substantiate unreported expenses to offset what they conceded was income not reported by Mr. Prouty.

It is reasonable for respondent to make adjustments for items and to refuse to concede the adjustments until he has received and verified substantiation for the amounts adjusted. See Beecroft v. Commissioner, T.C. Memo. 1997-23; Simpson Fin. Servs., Inc. v. Commissioner, T.C. Memo. 1996-317; McDaniel v. Commissioner, T.C. Memo. 1993-148.

We are persuaded that respondent's position on the above issue was reasonable. Respondent's position was based on petitioners' failure to substantiate fully or account for the item. Further, the issue was settled within a reasonable period of time after petitioners gave sufficient information to respondent. See Harrison v. Commissioner, 854 F.2d 263, 265 (7th Cir. 1988), affg. T.C. Memo. 1987-52; Wickert v. Commissioner, 842 F.2d 1005 (8th Cir. 1988), affg. T.C. Memo. 1986-277; Ashburn v. United States, 740 F.2d 843 (11th Cir. 1984); McDaniel v. Commissioner, supra.

Because respondent's position in the administrative proceedings was substantially justified, we need not decide whether petitioners meet the net worth requirements, unreasonably

protracted the proceedings, or whether the administrative costs claimed by petitioners are reasonable.

<u>Conclusion</u>

We find that respondent's position on the disputed issue was a reasonable position sufficiently supported by the facts and circumstances in petitioners' case and the existing legal precedent.  See <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988). Because we find respondent's position to have been reasonable, we cannot find petitioners to be "prevailing" parties, and their motion will therefore be denied.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>in accordance with the </u>

<u>agreement of the parties</u>.
