**UNITED STATES of America,
Plaintiff, Appellee,**

v.

**Herbert L. HORNE, Defendant,
Appellant.**

**No. 82–1793.**

United States Court of Appeals,
First Circuit.

Argued May 6, 1983.

Decided Aug. 22, 1983.

James G. Goggin, Portland, Maine, with whom Roger A. Putnam, and Verrill & Dana, Portland, Maine, were on brief, for appellant.

Patricia A. Willing, Atty., Tax Div., Dept. of Justice, Washington, D.C., with whom Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Wynette J. Hewett, Attys., Tax Div., Dept. of Justice, Washington, D.C., and Richard S. Cohen, U.S. Atty., Portland, Maine, were on brief, for appellee.

Before COFFIN and BREYER, Circuit Judges, and BONSAL,** Senior District Judge.

PER CURIAM.

The defendant, Herbert L. Horne, appeals from a judgment entered August 20, 1982 in the United States District Court for the District of Maine, Mazzone, J., ordering recovery by the United States of $12,389.63 plus interest and costs from the defendant. Following a one-day jury trial, the defendant was found liable under 26 U.S.C. § 6672 (1976) for the unpaid balance of a tax assessment covering the first, third, and fourth quarters of 1970 and the first quarter of 1971. The basis of the assessment

** Of the Southern District of New York, sitting     by designation.

was that the defendant, as the "responsible officer" of H.L.H. General Contracting, Inc., was personally liable for failing to collect and pay over to the United States certain withholding taxes.

The defendant contends that two pretrial rulings by the district court were erroneous. First, he argues that the district court erred in granting the government's motion *in limine* which sought to prohibit the defendant from challenging the validity of the assessment by introducing evidence that certain procedures set out in the Internal Revenue Manual ("the Manual") had not been followed. The defendant offered to prove that he had not signed a consent form agreeing to the assessment, nor had he been granted a conference before the assessment was made. *See* Internal Revenue Manual (CCH) § 5213.45(1) (1978). The district court granted the government's motion on the ground that the collection techniques described in the Manual do not constitute agency regulations promulgated for the defendant's benefit, and thus the defendant could not contend that he reasonably relied on them to his detriment. *See United States v. Caceres,* 440 U.S. 741, 752–53, 99 S.Ct. 1465, 1471–72, 59 L.Ed.2d 733 (1979).

■ The assessment made against the defendant complied with all relevant statutes and regulations. Whether or not it also complied with the rules contained in the Internal Revenue Manual has no bearing on its validity. The provisions in the Manual are not codified in the Code of Federal Regulations. Even if they were codified, the provisions would not be "mandatory." *See Rosenberg v. Commissioner,* 450 F.2d 529, 532–33 (10th Cir.1971); *Luhring v. Glotzbach,* 304 F.2d 560, 564–65 (4th Cir.1962). Like the IRS's Statement of Procedural Rules, 26 C.F.R. § 601.101 *et seq.* (1982), also cited in the defendant's appeal brief, "[t]heir purpose is to govern the internal affairs of the Internal Revenue Service. They do not have the force and effect of law." *Einhorn v. DeWitt,* 618 F.2d 347, 350 (5th Cir.1980). *Compare Brafman v. United States,* 384 F.2d 863 (5th Cir.1967) (invalidating an assessment not

signed by the proper official in violation of binding Treasury Regulations). In contrast to the procedure at issue in *United States v. Leahey,* 434 F.2d 7, 10–11 (1st Cir.1970), the provisions of the Manual relied on by the defendant here were not designed to protect the constitutional rights of taxpayers. Thus, the district court correctly precluded the defendant from introducing evidence concerning these provisions.

■ The defendant's second contention on appeal is that the district court erred in dismissing his counterclaim for a refund of the amount paid by him in partial satisfaction of the assessment. In light of our decision to affirm the district court's holding with respect to the validity of the assessment, there is no need to reach this issue, as the defendant is obviously not entitled to a refund. Nevertheless, we note that the defendant's acknowledged failure to file an administrative claim, which is a prerequisite to bringing suit in the district court, 26 U.S.C. § 7422(a) (1976), was an entirely proper ground for the district court's dismissal of his counterclaim.

The judgment of the district court is *affirmed.*