887 F.2d 1078
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael E. BALLARD, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 88-1308.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 8, 1989.
Decided: Sept. 21, 1989.
 
 Edward L. Blanton, Jr., (Blanton & McCleary, on brief), for appellant.
 William L. Estabrook (William S. Rose, Jr., Assistant Attorney General, Gary R. Allen, Jane S. Kimball, Tax Division, Department of Justice, Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 Before ERVIN, Chief Judge, CHAPMAN, Circuit Judge, and FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 At all relevant times up until and including April 1, 1980, Ballard was the sole stockholder and president of Mida Engineers, Inc. ("Mida"). Mida failed timely to pay, as required, FICA and federal withholding taxes for several quarters in 1978, 1979 and 1980. On March 19, 1980, Ballard and Thomas E. Foster, III entered into an agreement pursuant to which Ballard sold to Foster all of the shares of Mida stock for $55,000--$30,000 in cash at the time of settlement on April 1, 1980 and $25,000 by way of a promissory note payable with interest in sixty monthly installments of $537.38.
 
 
 2
 On May 1, 1980, Mida forwarded its check to the Internal Revenue Service ("IRS") for the unpaid balance of FICA and withholding taxes for the first calendar quarter of 1980. However, that check was returned by the drawee bank for insufficient funds. The IRS then levied upon the monthly note payments from Foster to Ballard, and apparently applied all or some of those payments to certain 1974 and 1975 federal tax liabilities of Ballard and to certain of Mida's withholding tax liability.
 
 
 3
 In 1982, Foster sold his interest in Mida and stopped making payments on his note to Ballard. At that time, there was still unpaid to the IRS withholding taxes of Mida for part of the first calendar quarter of 1980 and the third quarter of 1979. The taxes due for the second quarter of 1978 and the second and fourth quarters of 1979 had by then been paid in full. In March, 1983, the IRS discussed with Ballard his responsibility for collection and payment of Mida withholding taxes, and in a March 25, 1983 letter indicated that the assessment of a 100% penalty for such taxes would be made pursuant to Section 6672 of the Internal Revenue Code ("Code")[1]. On March 28, 1983, Ballard signed a waiver extending until December 31, 1983, the statutory period for assessment by the IRS of the 100% penalty.
 
 
 4
 On December 22, 1983, the IRS made an assessment against Ballard for the third quarter of 1979 and the first quarter of 1980 in the amount of $7,110.53 with respect to unpaid Mida withholding taxes. On that same date, the IRS sent to Ballard a notice of that assessment and a demand for payment. Notwithstanding the December, 1983 assessment, the IRS sent a letter to Ballard on March 12, 1984 referring to the March 25, 1983 proposed assessment and requesting Ballard to sign and return an enclosed form if he agreed with the proposal. That letter also notified Ballard of his opportunity to appeal administratively if he disagreed with the assessment. Ballard responded on March 20, 1984 with a letter protesting the assessment and requesting an administrative hearing. In response, the IRS informed Ballard on June 27, 1984 that the assessment had already been made and could not be administratively appealed.
 
 
 5
 Without holding a hearing, the IRS, on July 26, 1985, levied upon Ballard's bank account. On August 1, 1985, the IRS released that levy after Ballard provided information to the IRS of Ballard's inability to pay the amount. Then, on August 6, 1988, Ballard paid $8,584.54 to the IRS as payment in full of the 100% penalty assessment, accrued interest, fees and costs. On September 16, 1985, Ballard filed a refund claim with the IRS, and after the IRS failed to act upon that claim, instituted his refund claim in the District Court. After the District Court granted summary judgment denying Ballard's refund claim, Ballard filed this appeal. We affirm.
 
 I.
 
 6
 In the District Court, Ballard, although conceding his responsibility for payment of the Mida withholding taxes relating to the period prior to March 19, 1980, the date of the sale by Ballard to Foster of Ballard's interest in Mida, denied any responsibility for such taxes with respect to the March 19, 1980, through April 1, 1980 period. Ballard, in the District Court, also claimed that he had been deprived of due process because the assessment and the levy upon his bank account had occurred without any hearing and that the IRS had failed to afford to him the administrative hearing which the IRS had seemingly promised. Finally Ballard, in the District Court, contested the amount of the assessment. That last issue was settled by Ballard and the IRS. As to all other issues, Judge Black ruled in favor of the IRS.
 
 II.
 
 7
 Ballard states in his brief that the following single issue is presented:
 
 
 8
 Whether a "jeopardy" assessment and subsequent collection of a 100% penalty from a taxpayer after he had voluntarily extended the period within which such an assessment could be made, without a hearing requested by the taxpayer, was a deprivation of property contrary to the Fifth Amendment to the Constitution of the United States."[2]
 
 
 9
 Appellant mischaracterizes the behavior of the IRS. Instead of a "jeopardy" assessment pursuant to 26 U.S.C. Secs. 6861, 6331, and 6213, the IRS made what it terms a "quick" assessment of a 100% penalty for employer withholding taxes due, pursuant to section 6672. "Assessments under Section 6672 may be collected without a prior judicial hearing." Cohn v. United States, 399 F.Supp. 168, 170 (E.D.N.Y.1975). See also Boynton v. United States, 566 F.2d 50, 53 (9th Cir.1977); Kalb v. United States, 505 F.2d 506, 510 (2d Cir.1974), cert. denied, 421 U.S. 979 (1975).
 
 
 10
 26 U.S.C. Sec. 6203 provides the IRS with the method for making tax assessments for sums owed by a taxpayer, including penalties, and enables, with notice and demand and the subsequent refusal of the taxpayer to pay, the enforcement of such a penalty by a levy pursuant to 26 U.S.C. Sec. 6331. United States v. Chila, 871 F.2d 1015 (11th Cir.1989); Boynton, supra.
 
 
 11
 Because Ballard had been afforded notice and demand prior to the assessment and subsequent levy, he was not deprived of due process; indeed, he was afforded the opportunity to file, and in fact filed, this refund action in federal district court. See Boynton, supra. Cf. Laing v. United States, 423 U.S. 161 (1976); Clark v. Campbell, 501 F.2d 108 (5th Cir.1974), cert. denied, 423 U.S. 1091 (1976); Schreck v. United States, 301 F.Supp. 1265 (D.Md.1969).
 
 
 12
 In addition to his other claims of error by the District Court, Ballard points to the alleged failure of the IRS to follow the provisions of its own procedural manual and afford Ballard a hearing. But such failure, if it did occur, does not constitute a denial of due process rights. Luhring v. Glotzbach, 304 F.2d 560 (4th Cir.1962); United States v. Horne, 714 F.2d 206 (1st Cir.1983).
 
 
 13
 For those reasons, Ballard's appeal is without merit.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 That section provides in pertinent part:
 Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.
 
 
 [2]
 Thus, in this Court, Ballard has not pursued any contention relating to his responsibility for the March 19, 1980 through April 1, 1980 period