T.C. Memo. 1996-195


UNITED STATES TAX COURT


ROSA JANUS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 20150-93, 1174-94.          Filed April 23, 1996.


Rosa Janus, pro se.

<u>Mayer Y. Silber</u>, <u>Victoria Crosley</u>, and <u>Terri L. Parrott</u>, for
respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


WOLFE, <u>Special Trial Judge</u>:  These consolidated[1] cases were
heard pursuant to the provisions of section 7443A(b)(3) and Rules

---

[1]     These cases were consolidated for purposes of trial,
briefing, and opinion by order of this Court dated Aug. 19, 1994.

180, 181, and 182.[2]  In six notices of deficiency, one dated October 19, 1993, and the other five dated June 22, 1993, respondent determined the following deficiencies in and additions to petitioner's Federal income tax:

| | | Additions To Tax | |
| Year | Deficiency | Sec. 6651(a) | Sec. 6654(a) |
| 1986 | $1,406 | $352 | -- |
| 1987 | 1,649 | 412 | -- |
| 1988 | 3,001 | 750 | -- |
| 1989 | 2,745 | 686 | $187 |
| 1990 | 2,434 | 593 | 155 |
| 1991 | 2,389 | 597 | 139 |

The issues for decision are:  (1) Whether petitioner is liable for tax on her income for the years in issue as determined by respondent; (2) whether petitioner is liable for additions to tax under section 6651(a) for failure to file returns for the taxable years in issue; (3) whether petitioner is liable for additions to tax under section 6654(a) for failure to pay estimated taxes for taxable years 1989, 1990, and 1991; and (4) whether a penalty pursuant to section 6673(a) should be imposed on petitioner.

FINDINGS OF FACT

Prior to consolidation of these cases, docket No. 20150-93 came on for trial on May 23, 1994.  We continued that case

---

[2]    All section references are to the Internal Revenue Code in effect for the years at issue, unless otherwise indicated.  All Rule references are to the Tax Court Rules of Practice and Procedure.

because petitioner had failed to cooperate in the stipulation process and respondent was not prepared to try the case without a stipulation of facts. This Court had earlier participated in an extended pretrial conference to help the parties reach agreement on at least a minimal stipulation, but petitioner refused to stipulate even the most basic facts. Petitioner's refusal to stipulate undisputed facts was consistent with a purpose of delay.

On September 6, 1994, after consolidation of these cases, respondent filed a motion for order to show cause under Rule 91(f) why proposed facts in evidence should not be accepted as established. A proposed stipulation of facts and exhibits in support thereof was attached to respondent's motion. Respondent's motion for order to show cause was granted. Petitioner filed a response, setting forth frivolous objections. At the hearing pursuant to the order to show cause, petitioner offered nothing of merit to refute respondent's proposed stipulation of facts. Respondent's order to show cause then was made absolute, and the Court ordered that the facts and evidence set forth in respondent's proposed stipulation of facts with attached exhibits are deemed admitted for purposes of these consolidated cases, with two exceptions. Paragraph 28 of the proposed stipulation of facts, concerning Activity Code 532, was deleted from the stipulation, and an additional document, a portion of the Internal Revenue Manual in effect on November 15,

1983, proposed by petitioner, was stipulated. That stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

Petitioner resided in Tinley Park, Illinois, when her petition was filed. During 1986, petitioner received wages in the amount of $11,333 and nonemployee compensation in the amount of $1,168 from HCM Company. During 1987, she received wages in the amount of $15,927 from HCM Company. HCM Company did not withhold Federal income tax from the wages it paid petitioner during 1986 and 1987.

During 1988, petitioner received wages from two companies, HDM and Hamilton, Carver & Lee, Inc. (Hamilton), in the respective amounts of $4,786 and $19,074. Petitioner completed Form W-4, Employee's Withholding Allowance Certificate, and claimed "exempt" from withholding for taxable year 1988. HDM and Hamilton did not withhold Federal income tax from the wages each paid petitioner that year. Also during 1988, petitioner received a distribution in the amount of $76 from the HDM Company Savings and Retirement Plan.

During 1989, petitioner received wages from Hamilton in the amount of $20,503, plus a distribution of $710 from her vested portion of Hamilton's profit sharing benefits. Hamilton withheld no Federal income tax from the wages it paid petitioner that year. Petitioner also received unemployment compensation during

1989 in the amount of $1,708 from the Illinois Department of Employment Security.

During 1990, petitioner received wages from Hackney's on Lake, Inc. (Hackney's) and Esrock Corp. (Esrock) in the respective amounts of $1,104 and $13,433. Hackney's withheld Federal income tax in the amount of $16 from the wages it paid petitioner that year and Esrock withheld $48. Petitioner also received unemployment compensation during 1990 in the amount of $6,972 from the Illinois Bureau of Employment Security. On November 11, 1990, and November 6, 1990, petitioner completed two Forms W-4 for 1989 and 1990, respectively. She claimed "exempt" from withholding and signed both forms. However, the parties have stipulated that petitioner "rescinded her signature", and each of the forms bears the handwritten legend "signature rescinded".

During 1991, petitioner received wages from Hackney's and Ozinga Brothers, Inc. (Ozinga) in the respective amounts of $3,094 and $14,280. Ozinga and Hackney's did not withhold Federal income tax from the wages each paid petitioner that year. Petitioner also received unemployment compensation during 1991 in the amount of $4,084 from the Illinois Department of Employment Security.

Petitioner did not file a Federal income tax return for any of the taxable years 1986 through and including 1991. Substitute returns were prepared by respondent in connection with the

subject examination of petitioner's tax liability for those years. Respondent has not made any tax assessment for those same years.

OPINION

In statutory notices of deficiency, respondent determined deficiencies in petitioner's Federal income tax for the years 1986 through and including 1991. Respondent also determined additions to tax under section 6651(a) for failure to file a return for each of those years, and under section 6654(a) for failure to pay estimated taxes for 1989, 1990, and 1991. Respondent's determinations as to petitioner's tax liability are presumed correct, and petitioner has the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioner asserts frivolous tax protester-type arguments that essentially ask this Court to "look behind" the notices of deficiency and find them arbitrary and excessive. Petitioner argues that the notices of deficiency and the determinations therein are invalid because respondent: (1) Failed to identify the type of tax involved; (2) improperly prepared for petitioner tax returns that did not satisfy the requirements of section 6020; (3) failed to follow Internal Revenue Manual procedures and did not identify the statute or regulation relied upon in issuing the statutory notices; (4) misclassified her source of income; and (5) did not issue the notices within the statutory

limitations period.  Petitioner also argues that the Forms W-2 filed by her employers satisfied her filing requirement for the years at issue.  She did not otherwise address the determination that she failed to pay estimated taxes.

## 1.  The Notices of Deficiency Satisfied All Requirements

Each of the notices of deficiency in these cases unambiguously identifies both the amounts of the deficiencies and the years involved.  Each statutory notice tells the taxpayer all that is required.[3]  See Foster v. Commissioner, 80 T.C. 34, 229-230 (1983), affd. in part and vacated in part 756 F.2d 1430 (9th Cir. 1985); Jarvis v. Commissioner, 78 T.C. 646, 655-656 (1982). Except in rare circumstances, this Court will not look behind a notice of deficiency to examine the administrative proceedings or the propriety of respondent's motives leading to the deficiency determination.  Berkery v. Commissioner, 91 T.C. 179, 186-187 (1988), affd. without published opinion 872 F.2d 411 (3d Cir. 1989); Vallone v. Commissioner, 88 T.C. 794, 806 (1987). Exceptions to this general rule have been recognized where there has been substantial evidence of unconstitutional conduct by

---

[3]    Each notice contains a description that satisfies sec. 7522, which provides for the general content of tax due, deficiency, and other notices.  We note that this provision was originally enacted as sec. 7521(2) by sec. 6233(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3735, applicable to mailings made on or after January 1, 1990, and was redesignated as sec. 7522 by sec. 11704(a)(3) of the Omnibus Budget Reconciliation Act of 1990, Pub. L. 101-508, 104 Stat. 1388, 1388-519.

respondent in determining the deficiency and in unreported illegal income cases where respondent introduced no evidence. Berkery v. Commissioner, supra at 186-187.

Petitioner's frivolous contentions do not involve the exceptions to the general rule summarized above nor do they otherwise warrant our reviewing respondent's administrative procedures. None of the notices fails to identify the subject tax; each clearly describes the "Kind of Tax" involved as "INDIVIDUAL INCOME". The alleged substitute returns are forms that were included in the notices of deficiency and that detailed the adjustments determined by respondent. The forms in question merely facilitated the processing of the notices and did not serve as substitute returns under section 6020. Nothing in the Internal Revenue Code requires the Secretary to file a return pursuant to section 6020 before assessing a deficiency. Schiff v. United States, 919 F.2d 830 (2d Cir. 1990); Manka v. United States, 71 AFTR 2d 93-1735, 93-2 USTC par. 50,371 (D. Colo. 1993). Petitioner's contention that respondent misclassified her source of income is spurious.[4] Each notice describes her unreported income and lists the payor source or sources.

---

[4]   Petitioner submitted a copy of one of respondent's internal files monitoring the status of her purported deficiencies. The file references an "activity code" number that can be correlated to the manufacture of pistols and revolvers. Petitioner gleans from this that her source of income was misclassified. However, none of the notices of deficiency attribute income to petitioner from the manufacture of pistols and revolvers.

Petitioner's assertions that respondent failed to identify the statute or regulation relied upon in issuing the notices, and that respondent failed to observe all of the requirements of the Internal Revenue Manual also are without merit. Lack of reference or citation to the Internal Revenue Code does not invalidate a notice of deficiency. See Jarvis v. Commissioner, supra; McCabe v. Commissioner, T.C. Memo. 1985-202. Internal Revenue Manual procedures are generally directory in nature and not mandatory, and the alleged procedural violations herein are not of a kind that would render respondent's determinations invalid. See United States v. Horne, 714 F.2d 206, 207 (1st Cir. 1983); Vallone v. Commissioner, supra at 806-808; Levy v. Commissioner, T.C. Memo. 1987-609, affd. without published opinion 884 F.2d 574 (5th Cir. 1989).

Finally, petitioner's contention that the notices of deficiency were not timely issued is frivolous. Petitioner contends that the Forms W-2 filed by her employers with the Internal Revenue Service satisfied her filing requirement and triggered the limitations period for assessment. In support of this argument, petitioner referenced Income Tax regulations in effect during 1946. For taxable years 1944 through 1947, Income Tax regulations provided that individuals required to file were to file their tax returns on Form 1040 or, under certain

circumstances, on a Form W-2.[5]  Sec. 29.51-2, Regs. 111 (1943),
as amended by T.D. 5425, 1945 C.B. 10 and T.D. 5649, 1948-2 C.B.
57.  For taxable years beginning after December 31, 1947,
however, the regulations prescribed the use of Form 1040A,
instead of Form W-2, as the alternative to Form 1040.[6]  Sec.
29.51-2, Regs. 111 (1943), as amended by T.D. 5649, 1948-2 C.B.
57.

During the taxable years in issue, the Income Tax
regulations prescribed the use of a Form 1040 or, under limited
circumstances, a Form 1040A.  Sec. 1.6012-1(a)(6), Income Tax
Regs.  The terms of Income Tax regulations, in effect during the
taxable years in issue, do not state that a Form W-2 is an
acceptable substitute for a Form 1040.  The filing of a Form W-2
by a taxpayer's employer does not satisfy the requirements that
such taxpayer file an individual income tax return.  Manka v.

---

[5]     Specifically, the regulations provided that for taxable
years beginning after Dec. 31, 1943, the return was to be on Form
1040, except in the case of a taxpayer entitled to elect, and who
so elected, to use the Form W-2 (Rev.).  Sec. 29.51-2, Regs. 111
(1943), as amended by T.D. 5425, 1945 C.B. 10 and T.D. 5649,
1948-2 C.B. 57.  An individual was entitled to elect to use as
his return Form W-2 (Rev.), provided his or her gross income was
less than $5,000, inter alia.  Id.

[6]     The amended regulations provided that for taxable years
beginning after Dec. 31, 1947, the return was to be on Form 1040,
except in the case of a taxpayer entitled to elect, and who so
elected, to use the Form 1040A.  Sec. 29.51-2, Regs. 111 [26 CFR,
Part 29], as amended by T.D. 5649, 1948-2 C.B. 57.  Use of the
Form 1040 or 1040A had been prescribed by sec. 29.51-2, Regs.
111, when originally promulgated on Oct. 26, 1943.

United States, 71 AFTR 2d 93-1735 at 93-1737, 93-2 USTC par. 50371 at 89,033 (D. Colo. 1993); see Beard v. Commissioner, 82 T.C. 766, 774-779 (1984), affd. 793 F.2d 139 (6th Cir. 1986); Sickler v. Commissioner, T.C. Memo. 1994-462; Koeneman v. Commissioner, T.C. Memo. 1958-186. Section 6501(c) provides that in the case of a failure to file a return, the tax may be assessed at any time. Since petitioner failed to file tax returns for the years at issue, the notices of deficiency were timely issued.

We hold that the wages and other income attributed to petitioner in the notices of deficiency are taxable income. See Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir. 1986). Gross income is expressly defined under the Internal Revenue Code as all income from whatever source derived, unless excluded by law, including compensation for services and unemployment compensation. Sec. 61(a), 85; secs. 1.61-1 and 1.61-2, Income Tax Regs. Aside from her frivolous tax protester-type arguments, petitioner offered nothing to contradict the determination of wage and other income in the notices of deficiency, nor did she offer any grounds for excluding those items from her gross income.

Petitioner's general protester-type arguments have been rejected by this Court and others, including the Court of Appeals for the Seventh Circuit, to which appeal in this case lies. See Coleman v. Commissioner, supra; see also Crain v. Commissioner,

737 F.2d 1417, 1417 (5th Cir. 1984), where the Court of Appeals for the Fifth Circuit stated, "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."

Respondent's determinations of the deficiencies in these cases are sustained.

## 2.  Section 6651(a) Failure to File

Respondent determined that petitioner is liable for additions to tax under section 6651(a) for each of the taxable years at issue.  Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to file a required return on or before the specified filing date, including extensions.  The addition to tax may be avoided, however, if the taxpayer can show that the failure to file the return was due to reasonable cause and not due to willful neglect.  Sec. 6651(a)(1); Richardson v. Commissioner, 72 T.C. 818, 826-827 (1979).  The burden of proof is on petitioner.  Rule 142(a).

Petitioner did not file a Form 1040, U.S. Individual Income Tax Return, a Form 1040A, U.S. Individual Income Tax Return, or a Form 1040EZ, Income Tax Return for Single Filers with No Dependents, for any of the taxable years at issue.  Petitioner did not offer any evidence or testimony to the contrary, but argued instead that the Forms W-2 filed by her employers with the Internal Revenue Service satisfied her filing obligations.  As

discussed above, the filing by another of a Form W-2 does not satisfy the requirements for filing an individual income tax return. See Manka v. United States, supra; Koeneman v. Commissioner, supra. Respondent is sustained on this issue.

3. Section 6654(a) Estimated Taxes

Respondent determined that petitioner is liable for additions to tax under section 6654(a) for failure to pay estimated income tax for 1989, 1990, and 1991. Where payments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year, do not equal the percentage of total liability required under the statute, imposition of the addition to tax under section 6654 is applicable, unless petitioner shows that one of the statutory exceptions applies. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner bears the burden to show qualification for such exception. Habersham-Bey v. Commissioner, 78 T.C. 304, 319-320 (1982).

The parties stipulated that for each of the taxable years at issue, with the exception of 1990, Federal income tax was not withheld from the wages attributed to petitioner herein. During 1990, Hackney's withheld Federal income tax in the amount of $16 on wages of $1,104 and Esrock withheld Federal income tax in the amount of $48 on wages of $13,433. There is no showing in the record that petitioner made estimated tax payments for any of the

years in issue. Petitioner offered no evidence or testimony to refute the stipulated facts. Petitioner has not satisfied her burden of proof. Respondent is sustained on this issue.

4. Section 6673 Sanctions

At trial respondent moved for sanctions under section 6673 against petitioner on the grounds that she had instituted and maintained the proceedings primarily for delay and that her positions were frivolous and groundless. Section 6673(a)(1) provides that a penalty not in excess of $25,000 may be awarded "Whenever it appears to the Tax Court that * * * proceedings before it have been instituted or maintained by the taxpayer primarily for delay, * * * [or] the taxpayer's position in such proceeding is frivolous or groundless".

The records in these cases establish that petitioner sought to delay these proceedings by refusing to stipulate even the most basic elements of the cases and that she raised only frivolous factual and legal arguments. Her claims that the notices of deficiency failed to identify the type of tax involved and that her source of income was misclassified, for example, contradicted the record. Petitioner demonstrated that she was able to research the law, yet she took positions contrary to established law and unsupported by a reasoned colorable argument. See Coleman v. Commissioner, supra at 71. Accordingly, we shall require petitioner to pay a penalty to the United States in the

amount of $5,000.  See Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 408-411 (1984).

In her trial memorandum and posttrial briefs, petitioner makes two arguments that we address summarily.  First, petitioner contends that the "additions to tax under section 6601[7] [were] not * * * claimed in the notices of deficiency for 1986 through 1991."  We reviewed the notices and each did in fact make a determination for interest under section 6601.  Second, petitioner's allegation that respondent in some way violated section 7214[8] is a criminal matter over which this Court has no jurisdiction.  See Boger v. Commissioner, T.C. Memo. 1981-629; Rice v. Commissioner, T.C. Memo. 1978-334.

Decisions will be entered

for respondent.

---

[7]    Sec. 6601 provides for interest on delinquent payments of tax running from the last date prescribed for payment to the date paid.

[8]    Sec. 7214 provides that any officer or employee of the U.S. convicted of certain criminal acts in connection with any revenue law of the U.S. may be dismissed from office or discharged from his employment and fined not more than $10,000, or imprisoned not more than 5 years, or both.  It also provides for damages against such officer or employee in favor of the party injured by such officer's or employee's actions.