T.C. Summary Opinion 2006-14

UNITED STATES TAX COURT

KRISTIN J. CALITRI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22760-04S.                Filed January 30, 2006.

John C. Mullaney, for petitioner.

Michael J. Proto, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

This matter is before the Court on petitioner's Motion for Litigation and Administrative Costs filed pursuant to section 7430 and Rule 231.[1]  Respondent filed a response to petitioner's motion.  Respondent agrees that petitioner:  (1) Has exhausted her available administrative remedies within the Internal Revenue Service (IRS); (2) has not unreasonably protracted the court proceedings; (3) has claimed a reasonable amount of costs; (4) has substantially prevailed with respect to the amount in controversy and with respect to the most significant issue presented in the court proceedings; and (5) has met the net worth requirements as provided by law.

Respondent does not agree, however, that petitioner is a prevailing party, because he contends that his position in the court proceedings was substantially justified.

The parties have not requested a hearing in this case and the Court concludes that a hearing is not necessary to decide this motion.  See Rule 232(a)(2).  Accordingly, the Court rules on petitioner's motion based on the parties' submissions and the record in this case.

_____

[1]Although petitioner's motion is captioned Motion for Litigation and Administrative Costs, all of the costs sought in the motion are, by definition, litigation costs, because petitioner's costs were incurred either in connection with the preparation or filing of the petition with the Court or after the filing of the petition with the Court.  See sec. 7430(c)(1); sec. 301.7430-4(c)(3), Proced. & Admin. Regs.  Therefore, the Court will treat petitioner's motion as a motion for the recovery only of litigation costs.

## Background

At the time the petition in this case was filed, petitioner resided in Warwick, Rhode Island.

For the years in issue, petitioner was self-employed and operated a business called K.S. Gabrielle Interiors which provided the selection and installation of custom-made draperies, bedspreads, blinds, and floor coverings. As part of her business, petitioner maintained sample books for fabrics, blinds, and shades, as well as sample carpeting for display to customers. Petitioner's daily routine included several visits to customers' homes to provide, among other things, advice for selecting proper styles and colors, measurements, and price estimates.

On November 18, 2003, respondent sent to petitioner an initial appointment letter, requesting her to meet with an examining agent on January 8, 2004. At the same time, respondent issued to petitioner a Form 4564, Information Document Request (IDR), which was directed at obtaining books and records that would substantiate petitioner's cost of goods sold and business expenses claimed on her returns.

On March 5, 2004, respondent forwarded to petitioner Form 872, Consent to Extend the Time to Assess Tax, and Publication 1035, Extending the Tax Assessment Period, requesting that petitioner agree to extend the period of limitations for respondent to assess the 2000 and 2001 taxes. In the absence of

an extension, respondent's earliest period of limitations would have expired on October 16, 2004.

On June 29, 2004, respondent issued a statutory notice of deficiency for 2000 and 2001 after it was evident that petitioner would not consent to extend the period of limitations for 2000. Respondent determined deficiencies in petitioner's Federal income taxes of $7,852.28 for 2000 and $2,090.63 for 2001. The statutory notice of deficiency included adjustments[2] to petitioner's tax returns, because she failed to substantiate her cost of goods sold and business expenses.

On October 18, 2004, petitioner filed Form 1040X, Amended U.S. Individual Income Tax Return, for year 2000, to claim a dependency exemption deduction for her daughter, a child tax credit, and head of household filing status. Petitioner did not sign the Form 1040X, and she did not include any documentation to support her claims.

Around November of 2004, petitioner retained John C. Mullaney as her attorney to file a petition with the Court and to represent her in the appeals process within the IRS. On November 29, 2004, petitioner filed a petition with the Court. The petition alleges that "Revenue Agent issued Statutory Notice of deficiency because taxpayer refused to extend statute of

---

[2]The correct computation of petitioner's self-employment adjusted gross income adjustments and self-employment taxes for 2000 and 2001 will be determined by the parties' resolution of the issues of petitioner's cost of goods sold and substantiation of business expenses.

limitations.  He would not accept any documentation to support deductions.  [Eighty percent] of all deductions can be substantiated".  Moreover, petitioner contends in the petition that she was entitled to:  (1) Head of household filing status, (2) a dependency exemption for her daughter, (3) an earned income credit, and (4) a child tax credit.

On September 12, 2005, the parties submitted a stipulation of settlement, signed by the parties' counsel, which reflects the resolution of petitioner's Federal income tax liabilities for 2000 and 2001.

## Discussion

### Requirements Under Section 7430

Section 7430(a) authorizes the award of reasonable litigation costs incurred in a court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under the Internal Revenue Code.  The taxpayer must establish that the taxpayer:  (1) Is the prevailing party, (2) has exhausted available administrative remedies, (3) has not unreasonably protracted the court proceedings, and (4) has claimed litigation costs that are reasonable.  Sec. 7430(a) and (b)(1), (b)(3).

A taxpayer must satisfy each of the respective requirements before litigation costs under section 7430 may be awarded.  See Rule 232(e).  Upon satisfaction of these requirements, a taxpayer

may be entitled to reasonable costs incurred in connection with the court proceeding.  Sec. 7430(a)(1) and (2), (c)(1). Respondent concedes that petitioner has established all of the requirements except for the requirement that petitioner be a prevailing party.

To be a prevailing party, the taxpayer must substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented, and satisfy the applicable net worth requirements under 28 U.S.C. section 2412(d)(2)(B)(2000).  Sec. 7430(c)(4)(A).  The taxpayer will nevertheless not be treated as a prevailing party if the Commissioner's position in the court proceeding was substantially justified.  Sec. 7430(c)(4)(B).  The Commissioner has the burden of proving that his position was substantially justified.  See sec. 7430(c)(4)(B)(i); Rule 232(e).

Respondent concedes that petitioner has satisfied the requirements of section 7430(c)(4)(A).  Respondent contends, however, that petitioner should not be treated as a prevailing party, because respondent's position in the court proceeding was substantially justified.

Substantial Justification

The Commissioner's position is substantially justified if, based on all of the facts and circumstances and the legal precedent relating to the case, the Commissioner acted reasonably.  See Pierce v. Underwood, 487 U.S. 552 (1988);

Anthony v. United States, 987 F.2d 670, 674 (10th Cir. 1993).
The Commissioner's position may be incorrect but nevertheless be
substantially justified "if a reasonable person could think it
correct"; that is, if the position has a "reasonable basis both
in law and fact". Pierce v. Underwood, supra at 566 n.2; Huffman
v. Commissioner, 978 F.2d 1139, 1147 n.8 (9th Cir. 1992), affg.
in part, revg. in part and remanding T.C. Memo. 1991-144; sec.
301.7430-5(c)(1), Proced. & Admin. Regs. A position has a
reasonable basis in fact if there is such relevant evidence as a
reasonable mind might accept as adequate to support a conclusion.
Pierce v. Underwood, supra at 564-565; Huffman v. Commissioner,
supra.

The relevant inquiry is "whether * * * [the Commissioner]
knew or should have known that [her] position was invalid at the
onset". Nalle v. Commissioner, 55 F.3d 189, 191 (5th Cir. 1995),
affg. T.C. Memo. 1994-182. The Court looks to whether the
Commissioner's position was reasonable given the available facts
and circumstances at the time that the Commissioner took his
position. See Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430,
442-443 (1997); DeVenney v. Commissioner, 85 T.C. 927, 930
(1985).

The fact that the Commissioner eventually loses or concedes
a case does not by itself establish that the position taken is

unreasonable. Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Swanson v. Commissioner, 106 T.C. 76, 94 (1996); Sokol v. Commissioner, 92 T.C. 760, 767 (1989). It remains, however, a factor to be considered. Estate of Perry v. Commissioner, supra; Powers v. Commissioner, 100 T.C. 457, 471 (1993), affd. in part, revd. in part and remanded on another issue 43 F.3d 172 (5th Cir. 1995).

The position of the United States that must be examined in light of the substantial justification standard with respect to the recovery of litigation costs is the position taken by the Commissioner in the answer to the petition. See Huffman v. Commissioner, supra at 1148; Bertolino v. Commissioner, 930 F.2d 759, 761 (9th Cir. 1991). In this case, no answer was filed since an answer is not generally required in a small tax case. See Rule 173(b).

Respondent's position has not changed between the issuance of the notice of deficiency and the time petitioner partially substantiated her claims. It is appropriate to look at the position maintained by respondent during the pendency of the case. See sec. 7430(c)(7)(A).

Reasonable Basis in Fact

Petitioner claims that respondent's position is unreasonable because: (1) Petitioner was not given an opportunity during the audit to present documentation that would substantiate her cost

of goods sold and business expenses, (2) respondent refused to proceed with the audit unless petitioner agreed to extend the period of limitations to assess the 2000 and 2001 income taxes, and (3) respondent failed to follow certain guidelines under Internal Revenue Manual pt. 4.10.2.2.2 (May 14, 1999), regarding when returns should be examined.

The Court has reviewed a copy of respondent's Examining Officer's Activity Record (Activity Record), copies of petitioner's correspondence with respondent, and other relevant evidence, and is persuaded that petitioner had numerous opportunities, prior to the issuance of the statutory notice of deficiency, to present documentation that would substantiate her cost of goods sold and business expenses.

According to the Activity Record, petitioner requested and was granted a rescheduling of the initial January 8, 2004, meeting to February 3, 2004. On the day before the February 3, 2004, meeting, petitioner phoned and left a message with the examining agent to cancel the meeting. By letter dated February 13, 2004, petitioner requested a meeting "after the filing season ends April 15, 2004", so that her accountant could review her records and prepare for the examination.

The examining agent made numerous telephone calls to petitioner during the weeks of March 5, March 12, and March 29, 2004, to reschedule the meeting, but petitioner failed to return the calls. On March 26, 2004, respondent's group manager left

petitioner a voice message stating that a statutory notice of deficiency for 2000 and 2001 would be issued if petitioner failed to contact respondent by April 1, 2004. The examining agent made several more attempts to contact petitioner during the week of April 5, 2004.

The Activity Record further indicates that on April 8, 2004, petitioner informed the examining agent by phone that she declined to extend the assessment period and that she wanted to schedule a meeting on May 3, 2004. This is corroborated by petitioner's followup letter dated April 8, 2004, where she stated that both she and her accountant would be available on May 3, 2004, and that the additional time would give her accountant an opportunity to review her records as her accountant was not the original preparer of the returns.

The examining agent agreed to a May 3, 2004, meeting. The Activity Record indicates, however, that petitioner appeared without her accountant on the date of the meeting. While petitioner could have produced the books and records requested by respondent at the May meeting, she did not do so. According to the Activity Record, petitioner told the examining agent that she needed 3 additional weeks to produce the books and records, because her accountant was on vacation.

Respondent's position in the statutory notice of deficiency of June 29, 2004, premised the adjustments primarily on petitioner's lack of substantiation. Tax deductions are a matter

of legislative grace with a taxpayer bearing the burden of proving entitlement to the deductions claimed.  Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Taxpayers bear the burden of substantiating the amount and purpose of any claimed deduction.  See Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  Taxpayers are required to maintain sufficient records to establish the amounts of income and deductions.  Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001); sec. 1.6001-1(a), Income Tax Regs.

It was reasonable for respondent to refuse to concede the adjustments until he had received and verified adequate substantiation for the items in question.  See Harrison v. Commissioner, 854 F.2d 263, 265 (7th Cir. 1988), affg. T.C. Memo. 1987-52; Sokol v. Commissioner, supra at 765; Beecroft v. Commissioner, T.C. Memo. 1997-23; Simpson Fin. Servs., Inc. v. Commissioner, T.C. Memo. 1996-317; McDaniel v. Commissioner, T.C. Memo. 1993-148.   Petitioner's counsel met with respondent's Appeals officer on March 8, 2005.  He provided documentation to the Appeals officer to substantiate some of petitioner's claimed business expense deductions and head of household filing status at the conference.  Petitioner's counsel, by letters dated March 9 and May 10, 2005, provided additional supporting documentation to substantiate some of petitioner's remaining claims.  The

Appeals officer, after examining the documentation furnished, sustained some of the adjustments in the statutory notice of deficiency, but he conceded that petitioner was entitled to head of household filing status, a dependency exemption, and the earned income credit. The parties settled shortly thereafter.

A significant factor in determining whether the position of the Commissioner is substantially justified as of a given date is whether, on or before the date, the taxpayer has presented "all relevant information under the taxpayer's control and relevant legal arguments supporting the taxpayer's position to the appropriate Internal Revenue Service personnel". Sec. 301.7430-5(c)(1), Proced. & Admin Regs.

Most of the changes to petitioner's adjustments were based on the Appeals officer's determination that petitioner was entitled to head of household filing status, child dependency exemption and earned income credit. Petitioner did not raise any of these legal arguments or provide the relevant documentation to the examining agent while her returns were being examined. Therefore, respondent's position was not unreasonable even though respondent eventually conceded that petitioner is entitled to certain deductions and credits.

Petitioner alleges in her motion that respondent "refused to deal with [her]" unless she consented to an extension of the limitations period to assess taxes. As discussed above, respondent made numerous attempts to "deal" with petitioner,

prior to the issuance of the statutory notice of deficiency. From the time when respondent sent petitioner the initial appointment letter in January 2004, to the time when the parties finally met in May 2004, petitioner had canceled two meetings and had established a history of not responding to telephone calls and document requests from respondent.  Therefore, it was not unreasonable under the circumstances for respondent to issue a statutory notice of deficiency to avoid the expiration of the period of limitations when petitioner refused to consent to an extension.  See Wasie v. Commissioner, 86 T.C. 962, 970-971 (1986); Chaum v. Commissioner, 69 T.C. 156, 163 (1977).

Petitioner contends that it was respondent's delay in commencing the audit that caused the shortage of time for examination.  Petitioner further contends that respondent failed to adhere to the guidelines under Internal Revenue Manual pt. 4.10.2.2.2 (May 14, 1999), which provide that the examination and disposition of income tax returns is to be completed within 26 months for individual returns after the due date of the return, or the date filed, whichever is later.

There is a rebuttable presumption of no substantial justification if the IRS "did not follow its applicable published guidance in the administrative proceeding".  Sec. 7430(c)(4)(B)(ii).  "Applicable published guidance" is defined as "final or temporary regulations, revenue rulings, revenue procedures, information releases, notices, announcements, and if

issued to the taxpayer, private letter rulings, technical advice memoranda, and determination letters".  Sec. 7430(c)(4)(B)(iv).

The Internal Revenue Manual does not constitute "applicable published guidance", because it is not among the IRS pronouncements enumerated under section 7430(c)(4)(B)(iv).  Moreover, the provisions of the Internal Revenue Manual govern only the internal affairs of the IRS; they do not have the force and effect of law.  Valen Manufacturing Co. v. United States, 90 F.3d 1190, 1194 (6th Cir. 1996); United States v. Horne, 714 F.2d 206, 207 (1st Cir. 1983).  See generally Reich v. Manganas, 70 F.3d 434, 437 (6th Cir. 1995) ("Internal operating manuals * * * do not carry the force of law, bind the agency, or confer rights upon the regulated entity.").  Procedures in the Internal Revenue Manual do not confer rights on taxpayers.  United States v. Horne, supra; United States v. Mapp, 561 F.2d 685, 690 (7th Cir. 1977).

Accordingly, the fact that respondent did not complete his examination of petitioner's returns within 26 months as recommended by Internal Revenue Manual pt. 4.10.2.2.2 (May 14, 1999), does not trigger a rebuttal presumption of no substantial justification pursuant to section 7430(c)(4)(B)(iv).

The Court finds that respondent's position on the substantiation issue was reasonable and sufficiently supported by the facts and circumstances in petitioner's case and existing legal precedent.  See Pierce v. Underwood, 487 U.S. 552 (1988).

Petitioner is not a "prevailing party" within the meaning of section 7430(c)(4)(B), because respondent has established that his position is substantially justified.  Accordingly, petitioner's motion for litigation costs is denied.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

An appropriate order and

decision will be entered.