T.C. Memo. 2010-155

UNITED STATES TAX COURT

ARNOLD FREEDMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7471-08.                    Filed July 21, 2010.

Arnold Freedman, pro se.

<u>Michelle L. Maniscalco</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined a deficiency of $2,025[1]
in petitioner's Federal income tax for his 2005 tax year.  After
concessions,[2] the issues for decision are:  (1) Whether the Court

---

[1]All amounts have been rounded to the nearest dollar.

[2]Respondent concedes that petitioner is entitled to deduct
(continued...)

may look behind the notice of deficiency to determine whether it is valid; (2) whether petitioner or respondent bears the burden of proof pursuant to sections 7491(a)[3] and 6201(d); (3) whether petitioner is entitled to deductions, pursuant to section 213, for medical and dental expenses of $9,871, subject to the 7.5-percent-of-adjusted-gross-income limitation of section 213(a), as itemized deductions for tax year 2005; (4) whether petitioner is entitled to deductions, pursuant to section 170, for charitable contributions of $3,314 as itemized deductions for tax year 2005; and (5) whether petitioner is entitled to a deduction, pursuant to section 67(b), for miscellaneous expenses of $3,791 as a miscellaneous itemized deduction, subject to the 2-percent adjusted gross income limitation of section 67(a), for tax year 2005.

FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated. The stipulations of fact are incorporated in this opinion by reference and are found accordingly.[4]

---

[2](...continued)
$1,833 in unreimbursed employee expenses related to education costs for taxable year 2005.

[3]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended and in effect for the year in issue.

[4]Respondent reserved relevancy and materiality objections to
(continued...)

Petitioner is employed by respondent as a taxpayer service contact representative in respondent's Brookhaven Service Center. At the time he filed the petition, petitioner lived in Holtsville, New York.

Petitioner filed his 2005 Federal income tax return and claimed deductions on Schedule A, Itemized Deductions, totaling $21,504. During 2007 respondent audited petitioner's 2005 return. On September 20, 2007, Revenue Officer Robles (Ms. Robles) requested information regarding petitioner's deductions for medical and dental expenses, charitable contributions, and other itemized deductions. On September 27, 2007, petitioner responded stating that he would need a month to gather information from his insurance company. On October 17, 2007, Ms. Robles sent petitioner Form 8111, Employee Notification Regarding Union Representation. Petitioner never provided any of the

---

[4](...continued)
the examining officer's activity report and a letter sent by petitioner to Ms. Robles, the examining officer. Fed. R. Evid. 402 provides the general rule that all relevant evidence is admissible, while evidence which is not relevant is not admissible. Fed. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." We find that the examining officer's activity report and petitioner's letter meet the threshold definition of relevant evidence because they explain Ms. Robles' investigation of petitioner's 2005 tax return, an issue in the instant case, and therefore, are admissible.

requested documentation to Ms. Robles, and on November 20, 2007, she closed the case.

Petitioner worked in the same building as Ms. Robles, knew of Ms. Robles, but did not have a personal relationship with Ms. Robles.

On January 11, 2008, respondent issued petitioner a notice of deficiency disallowing petitioner's deductions claimed on Schedule A for medical and dental expenses of $9,871, charitable contributions of $3,314, and miscellaneous expenses of $3,791. Petitioner timely filed a petition with this Court.

OPINION

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving their entitlement to the deductions they claim. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). Taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine their correct tax liabilities. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. In addition, taxpayers bear the burden of substantiating the amounts and purposes of their claimed deductions. See

Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Petitioner argues that respondent failed to follow proper procedures outlined in the Internal Revenue Manual (IRM) for Internal Revenue Service (IRS) employees and therefore that his notice of deficiency is invalid.  Petitioner also cites Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983), for the proposition that failure to follow IRM procedures invalidates a notice of deficiency.  Finally, petitioner cites section 7491(a) and section 6201(d), contending that respondent's "failure" to follow IRM procedures shifts the burden of proof on all issues to respondent.  Respondent argues that the notice of deficiency is proper, that Scar is not applicable, and that petitioner bears the burden of proof on all issues.

As a general rule, the Court will not look behind a notice of deficiency to examine the evidence used, the propriety of the Commissioner's motives, or administrative policy or procedure used in making the determination.  Riland v. Commissioner, 79 T.C. 185, 201 (1982); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974).  This Court has recognized an exception to the general rule when there is substantial evidence of unconstitutional conduct on the Commissioner's part and the integrity of the judicial process would be impugned if we were to let the Commissioner benefit from such conduct.  Greenberg's

Express, Inc. v. Commissioner, supra at 328.  However, in the circumstances where the exception applies, the Court will not declare the notice of deficiency null and void.  Id.; Lamport v. Commissioner, T.C. Memo. 1983-629.

The IRM sets forth procedures that should be followed during audits of IRS employees.  IRM pt. 4.2.6.2 (June 1, 2007).  Standard procedures relating to examinations will apply to IRS employees to the same extent that they apply to all other taxpayers.  Id.  Additionally, IRS employees should not be given preferential treatment, nor held to a higher standard.  Id. pt. 4.2.6.2.5(1).  Employee audits differ from regular audits in that employee files are separated using an orange folder, the examiner attaches an employee information sheet, and Form 8111 is included with the initial letter contacting the employee.  Id. pt. 4.2.6.2.5(3).  Additionally, examiners must ensure independence and impartiality when examining an employee return, and examiners should discuss any concerns with their immediate supervisors for possible reassignment.  Id. pt. 4.2.6.2.2(1).  Finally, there is a prohibition of the classification of employee returns by subordinates, associates, or coworkers in the same post of duty.[5]  Id. pt. 1.2.13.1.7(4) (May 3, 1994).

---

[5]"Classification is the process of determining whether a return should be selected for examination, what issues should be examined, and how the examination should be conducted."  IRM pt. 4.1.5.1(2) (Oct. 24, 2006).

Petitioner alleges that Ms. Robles' examination of his return violated the IRM, as she is his coworker at the Brookhaven Service Center. Additionally, petitioner argues that Ms. Robles' "failure" to provide Form 8111 with the notice of deficiency voids the notice of deficiency.

Petitioner testified that Ms. Robles "may have known me," but "she may not have known me." Ms. Robles did not testify. If Ms. Robles felt that her impartiality and independence were in question, she should have spoken with her supervisor to determine whether she should be removed from the case. See IRM pt. 4.2.6.2.2(1). However, a reassignment is not automatic. Id. Moreover, the section of the IRM prohibiting subordinates, associates, or coworkers from dealing with an employee return goes to the classification of a return, not an examination, as occurred in the instant case. See id.; id. pt. 1.2.13.1.7(4) (May 3, 1994). Petitioner did have the opportunity for union representation. While Form 8111 was not sent with Ms. Robles' initial contact letter as required by the IRM, petitioner did receive a Form 8111 before the case was closed. The record does not establish that respondent's conduct rose to the level of a constitutional violation or impugned the integrity of the judicial process. See Greenberg's Express, Inc. v. Commissioner, supra at 328. Accordingly, we will not look behind the notice of deficiency.

Scar v. Commissioner, supra, is distinguishable.  In Scar, the Commissioner sent the taxpayer a notice of deficiency that had no direct connection with the taxpayer and was not based on an inspection of the taxpayer's Federal income tax return.  The notice of deficiency was held to be invalid on its face because the Commissioner did not determine a deficiency as required under section 6212(a).  Id. at 1368-1369.  The facts of the instant case are distinguishable from those of Scar.  In the instant case, the adjustments in the notice of deficiency all relate to petitioner's 2005 income tax return.  Moreover, petitioner claims that Ms. Robles reviewed his return but did not follow proper procedures.  Finally, Scar involved a violation of a statutory provision, while petitioner alleges a violation of the IRM, which does not have the force and effect of law.  See Valen Manufacturing Co. v. United States, 90 F.3d 1190, 1194 (6th Cir. 1996); United States v. Horne, 714 F.2d 206, 207 (1st Cir. 1983).  Accordingly, Scar v. Commissioner, supra, does not apply to the instant case.

Section 7491(a)(1) provides that, if, in any court proceeding, the taxpayer introduces credible evidence with respect to factual issues relevant to ascertaining the taxpayer's liability for a tax (under subtitle A or B), the burden of proof with respect to those factual issues will be placed on the Commissioner.  For the burden to be placed on the Commissioner,

however, the taxpayer must comply with the substantiation and recordkeeping requirements of the Internal Revenue Code.  See sec. 7491(a)(2)(A) and (B).  Additionally, section 7491(a) requires that the taxpayer cooperate with reasonable requests by the Commissioner for "witnesses, information, documents, meetings, and interviews".  Sec. 7491(a)(2)(B).  The taxpayer has the burden of establishing that the requirements of section 7491(a)(2) have been met.  See sec. 7491(a); Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).

Petitioner has not offered credible evidence regarding his claimed deductions.  "Credible evidence is evidence that, after critical analysis, a court would find constituted a sufficient basis for a decision on the issue in favor of the taxpayer if no contrary evidence were submitted." Ocmulgee Fields, Inc. v. Commissioner, 132 T.C. 105, 114 (2009).  Petitioner offered only a theory that Ms. Robles might have known him and therefore she did not follow proper procedures.  Moreover, petitioner offered no testimony and insufficient documentation regarding his claimed deductions, as discussed below.  Because petitioner failed to offer evidence that "a court would find constituted a sufficient basis for a decision on the issue in favor of the taxpayer", we conclude that the burden has not shifted pursuant to section 7491.  See Ocmulgee Fields, Inc. v. Commissioner, supra at 114.

Consequently, petitioner bears the burden of proof on all issues.[6]

As to petitioner's claimed deductions for tax year 2005 for medical expenses pursuant to section 213, petitioner submitted a statement from his health insurance company. It is unclear from that statement whether petitioner made any payments. Petitioner offered no testimony regarding that statement and conceded at trial that respondent's determination was correct. Accordingly, we sustain respondent's deficiency determinations regarding the medical expenses petitioner claimed for tax year 2005.

As to petitioner's claimed deduction for charitable contributions, section 170(a) allows a deduction for charitable contributions made by a taxpayer. A taxpayer claiming a charitable contribution of money is generally required to

---

[6]Sec. 6201(d) also does not shift the burden of proof to respondent. Sec. 6201(d) provides:

> In any court proceeding, if a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return filed with the Secretary * * * by a third party and the taxpayer has fully cooperated with the Secretary (including providing, within a reasonable period of time, access to and inspection of all witnesses, information, and documents within the control of the taxpayer as reasonably requested by the Secretary), the Secretary shall have the burden of producing reasonable and probative information concerning such deficiency in addition to such information return.

See Arberg v. Commissioner, T.C. Memo. 2007-244. The deficiency in the instant case is based on disallowed deductions, not on items of income reported on third-party information returns. Accordingly, sec. 6201(d) is not applicable.

maintain for each contribution a canceled check, a receipt from the donee charitable organization showing the name of the organization and the date and amount of the contribution, or other reliable written records showing the name of the donee, the date, and amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs. Factors that indicate reliability include, but are not limited to, the contemporaneous nature of the writing, the regularity of the taxpayer's recordkeeping procedures, and the existence of any other evidence from the donee charitable organization evidencing receipt. Sec. 1.170A-13(a)(2), Income Tax Regs. In addition, no deduction is allowed, for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment by a qualified donee organization.[7] Sec. 170(f)(8)(A).

---

[7]Separate contributions of less than $250 are not subject to the requirements of sec. 170(f)(8), regardless of whether the sum of the contributions made by a taxpayer to a donee organization during a taxable year equals $250 or more. Sec. 1.170A-13(f)(1), Income Tax Regs.

Pursuant to sec. 170(f)(17), as enacted in 2006, no deduction for a contribution of money in any amount is allowed unless the donor maintains a bank record or written communication from the donee showing the name of the donee organization, the date of the contribution, and the amount of the contribution. This provision is effective for contributions made in tax years beginning after Aug. 17, 2006. Pension Protection Act of 2006, Pub. L. 109-280, sec. 1217, 120 Stat. 1080.

Petitioner submitted a list of purported donations made during tax year 2005.[8]  Petitioner offered no testimony regarding the contemporaneous nature of the document, the regularity of his recordkeeping activities, or other evidence from the donee charitable organization showing receipt of funds.  See sec. 1.170A-13(a)(2), Income Tax Regs.  Accordingly, we do not find petitioner's records reliable.  Moreover, petitioner conceded at trial that respondent's determinations were correct.  Consequently, we sustain respondent's deficiency determinations regarding petitioner's claimed charitable contributions for tax year 2005.

As to petitioner's claimed deduction for tax year 2005 for miscellaneous expenses, petitioner conceded at trial that he had no documentation of any of his claimed expenses aside from those respondent conceded; and petitioner offered no proof of such expenses.  Accordingly, except as conceded by respondent, we sustain respondent's deficiency determinations regarding the miscellaneous itemized expenses petitioner claimed for tax year 2005.

The Court has considered all other arguments made by the parties and, to the extent we have not addressed them herein, we consider them moot, irrelevant, or without merit.

---

[8]Respondent did not stipulate the truth of petitioner's list of purported charitable contributions.

To reflect the foregoing,

<u>Decision will be entered
under Rule 155</u>.